JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
Section 2-15-1704, MCA, establishes a Board of Labor Appeals. Subsection (4) of that statute designates the board as a “quasi-judicial board for purposes of 2-15-124.”
Section 2-15-124, MCA, provides that:
If an agency is designated by law as a quasi-judicial board for the purposes of this section, the following requirements apply:
(1) The number of and qualifications of its members are as prescribed by law. In addition to those qualifications, unless otherwise provided by law, at least one member shall be an attorney licensed to practice law in this state.
(8) A majority of the membership constitutes a quorum to do business. A favorable vote of at least a majority of all members of a board is required to adopt any resolution, motion, or other decision, unless otherwise provided by law.
It is obvious that when the Legislature established a requirement that quasi-judicial boards include an attorney, it was concerned that boards which decide legal as well as factual issues have the benefit of at least one member who is trained in the law.
In this case, it is stipulated by the parties that Dan Johns, who was the board’s chairman and its only attorney, was neither present for Kathleen Reynolds’ hearing, nor participated in the board’s determination of her rights. Therefore, the board which denied Reynolds’ claim was not properly constituted, as is required under § 2-15-124(1), MCA.
*322 The majority has set forth the proper rule for construing this statute, but then completely ignores the rule in arriving at its conclusion. Section 1-2-101, MCA, provides that “[i]n the construction of a statute ... [wjhere there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all.”
The only way to construe § 2-15-124, MCA, in a way that gives effect to both subsections (1) and (8), is to hold that while a majority of a quasi-judicial board can constitute a quorum, and while a vote of at least a majority of the members is sufficient to render a decision, the decision is not binding unless an attorney licensed to practice law participated in the decision. If one of the two members constituting a quorum is an attorney, the third member need not be present. So long as an attorney is present for the hearing and deliberations, he or she need not vote for the final decision, so long as there are two other votes in support of that decision.
This construction of § 2-15-124, MCA, is the only way to give effect to both subsections (1) and (8).
In addition to ignoring the rule of statutory construction which it held is controlling, the majority opinion also ignores the following rule of statutory construction:
In the construction of a statute, the intention of the legislature is to ■be pursued if possible. When a general and particular provision are inconsistent, the latter is paramount to the former, so a particular intent will control a general one that is inconsistent with it.
Section 1-2-102, MCA.
The requirement that two members of a three person board are necessary to constitute a quorum and that two out of three votes are necessary to render a decision is a general requirement. The requirement that one of the members of the three member board be an attorney is a specific requirement. In this case, the majority ignored legislative intent and elevated the general provisions pertaining to a quorum and a majority over the specific requirement that an attorney be a member of the Board of Labor Appeals.
The majority opinion completely defeats the Legislature’s intention that when boards such as this one decide the legal rights of Montana’s citizens, they include a member who has some working familiarity with Montana’s laws. Kathleen Reynolds did not have the benefit of that reasonable requirement. Therefore, I dissent from the majority opinion. I would reverse the judgment of the District Court.
JUSTICE HUNT joins in the foregoing dissent.